**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-22507-CIV-ALTONAGA/REID**

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**AIMA BUSINESS AND MEDICAL SUPPORT, LLC**

Defendant.

**JOINT SCHEDULING REPORT**

Pursuant to the Court's June 12, 2025 Order (ECF No. 4) and Local Rule 16.1(b)(2), Plaintiff the United States of America and Defendant AIMA Business and Medical Support, LLC (collectively, the "Parties") hereby submit this Joint Scheduling Report. Counsel for the Parties met by videoconference on July 18, 2025, and conferred about this Joint Scheduling Report during that meeting and in subsequent emails. The Parties also concurrently submit a Proposed Scheduling Order as required by Local Rule 16.1(b)(2).

**SCHEDULING REPORT**

The Parties believe that this case should be assigned to the complex Case Management Track.

(A) **Likelihood of Settlement.** The Parties have engaged in settlement discussions prior to the filing of the Complaint. At this time, the Parties believe there is a low likelihood of settlement, but agree to continue participating in settlement discussions in good faith.

(B) **Likelihood of Appearance of Additional Parties.** Subject to discovery, the Parties reserve the right to join additional parties and add causes of action or counterclaims within

the time limits set for amending the pleadings or joining additional parties. The United States notes that the possibility of additional defendants exists in this case.

(C) **Proposed Limits on Time.** As set forth more fully in the Proposed Scheduling Order, the Parties propose the following limits on time.

| Event | Proposed Deadline |
|---|---|
| Initial Disclosures | September 15, 2025 |
| Amend Complaint or Join Additional Parties | December 15, 2025 |
| Completion of Fact Discovery | May 1, 2026 |
| Service of Plaintiff's Expert Reports | May 29, 2026 |
| Service of Defendant's Expert and Rebuttal Expert Reports | June 26, 2026 |
| Service of Plaintiff's Rebuttal Expert Reports | July 24, 2026 |
| Completion of Expert Discovery | August 21, 2026 |
| File Daubert Motions | September 18, 2026 |
| File Dispositive Motions | October 16, 2026 |

(D) **Proposals for the Formulation and Simplification of Issues.** The Parties agree to cooperate in trying to simplify the issues through discovery.

(E) **Likelihood of Amendments to the Pleadings.** Subject to discovery, Plaintiff reserves the right to amend the pleadings, join additional defendants, and assert any additional causes of action. Defendant reserves the right to respond to any such claims and to assert affirmative defenses and amend the same, if necessary.

(F) **Possibility of Admissions.** The Parties will attempt in good faith to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to make appropriate stipulations as to the authentication of relevant documents. At this time the Parties are not aware of a need for advance rulings from the Court on admissibility of evidence.

(G) **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence.** The Parties shall attempt to streamline the presentation of evidence to advance the case

to trial and to minimize the duration of the proposed trial by attempting to avoid unnecessary proof and the presentation of cumulative evidence.

(H) **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master.** At this stage the Parties do not request referral of matters to a Magistrate Judge or master.

(I) **Time Required for Trials.** The Parties estimate that this action will require two weeks for trial. However, this is a preliminary estimate prior to conducting discovery, and the Parties reserve the right to assert that additional trial days are necessary.

(J) **Dates for Conferences and Trials.**

This matter is suggested for trial sixty (60) days following a decision on dispositive motions. The Parties request that a final pre-trial conference be held at least thirty (30) days prior to trial. The Parties request that the Court reserve time near the time of the final pre-trial conference for hearings on motions *in limine*, *Daubert* motions, and any pending motions.

(K) **Other Key Issues.**

(i) The Parties discussed the need for a protective order and electronically stored information ("ESI") stipulation. The Parties agree to meet and confer on these issues and will propose orders for the Court's approval. The Parties have agreed to enter into a confidentiality agreement and seek a protective order, which will be submitted to the Court.

(ii) The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege. The Parties agree to ask the Court to include their agreement in an order under Federal Rule of Evidence 502.

(iii) No use of ESI Checklist at this time.

(L) **Other Information that May Be Useful to the Court.** Any party may, for good cause, seek modification of the foregoing or an extension of the discovery deadline if necessary as the case progresses. The Parties will confer in good faith and work to reach agreement with respect to any deadline not explicitly provided for in this report.

Plaintiff the United States has identified approximately four witnesses who are either current or former employees of the Defendant, and upon information and belief, are Indian nationals residing in India. These witnesses have key information relevant to the allegations, and Plaintiff anticipates seeking to depose these witnesses. The undersigned Assistant U.S. Attorney has conducted preliminary research on deposing Indian nationals residing in India and expects that several procedural steps may need to be taken in this case to accomplish the depositions. For example, depending on the circumstances, the United States may need to request to depose an Indian national residing in India under the Hague Evidence Convention or directly under local Indian law. Counsel for the United States will likely need to coordinate with the U.S. Department of State and may also need to coordinate with the applicable U.S. consular mission to secure a consular deposition. The appropriate steps will depend on the circumstances.

Counsel for the United States has conferred with Defendant's counsel about these issues, and it is still unclear whether the Parties will be able to reach an agreement to depose certain witnesses without undergoing these formal procedures. The United States will move as efficiently as possible to obtain discovery, but has also proposed a discovery schedule that accounts for the various steps that may need to be taken.

At this time, Defendant anticipates discovery will be needed with respect to Plaintiff's basis for the assertion that Medicare reimbursements would not have been paid but for Defendant's alleged misconduct, Plaintiff's basis for the assertion that Defendant knowingly caused false

claims to be submitted to a government payor, Plaintiff's basis for the assertion that certain laboratory tests were not medically necessary, Plaintiff's basis for the assertion that claims for certain laboratory tests were repeatedly rejected or denied, and Plaintiff's alleged damages.

Dated: July 25, 2025

Respectfully Submitted,

HAYDEN P. O'BYRNE
United States Attorney
Southern District of Florida

*Clarissa Pinheiro*
CLARISSA PINHEIRO
Assistant United States Attorney
Fla. Bar No. 0056784
United States Attorney's Office
99 N.E. 4th Street
Miami, Florida 33132
Telephone: (305) 961-9310
Email: Clarissa.Pinheiro@usdoj.gov

*Counsel for the United States*

*/s/ Jason P. Mehta*
Jason P. Mehta (FBN 106110)
**FOLEY & LARDNER LLP**
100 N. Tampa Street, Suite 2700
Tampa, FL 33602
Telephone: (813) 229-2300
Facsimile: (813) 221-4210
Primary email: jmehta@foley.com
Secondary email: dmills@foley.com

*Counsel for AIMA Business and Medical Support, LLC*